IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELINA KHARCHENKO, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 2:22-CV-01421-CMR |
| | : | |
| WT RAND TRANSPORT, LLC and | : | |
| WT RAND LOGISTICS, LLC, | : | |
| | : | |
| **Defendants.** | : | |

**MOTION FOR LEAVE TO INTERVENE FOR LIMITED PURPOSE
OF ASSERTING CHARGING LIEN AGAINST PROCEEDS OF
<u>SETTLEMENT OR JUDGMENT IN FAVOR OF PLAINTIFF</u>**

Fellerman & Ciarimboli Law, P.C. ("F&C"), by and through its undersigned counsel, hereby moves for leave to intervene in this action for the limited purpose of asserting a charging lien against the proceeds of any settlement or judgment in favor of Plaintiff Angelina Kharchenko and, in support thereof, avers as follows:

1. This case stems from a commercial motor vehicle accident on October 15, 2020 in Bucks County, Pennsylvania which seriously and permanently injured Ms. Kharchenko.

2. On September 23, 2021, Ms. Kharchenko retained F&C as her counsel to pursue claims arising out of the October 15, 2020 accident.

3.  Ms. Kharchenko and F&C are parties to a Contingent Fee Agreement dated September 23, 2021 which provides that, in the event Ms. Kharchenko discharged F&C before any recovery, F&C would "be entitled to a fee based upon work done and benefit conferred." Specifically, she agreed "to assign" and pay to F&C forty percent (40%) of "the last good faith offer of settlement, or if no settlement offer has been made, then [Ms. Kharchenko] agrees to compensate" F&C at an agreed upon hourly rate "for time and effort expended."[1]

4.  Ms. Kharchenko also agreed to reimburse F&C "out of any recovery, in addition to attorney's fees, all costs, expenses, and interest charges incurred on [her] behalf in order to make the claim."

5.  After F&C was retained by Ms. Kharchenko, F&C conducted a comprehensive investigation regarding the accident and researched and developed potential legal theories that might be pursued on Ms. Kharchenko's behalf, filed a Complaint on Ms. Kharchenko's behalf, identified and deposed fact witnesses, identified and retained liability and damage experts, submitted reports from those experts, and otherwise acted to position this case for settlement and/or judgment in Ms. Kharchenko's favor.

---

[1] Ms. Kharchenko has in her possession the Contingent Fee Agreement which she signed. To preserve confidentiality, the Contingent Fee Agreement is not attached to this public filing. F&C will provide the Contingent Fee Agreement for *in camera* review if it would facilitate the Court's consideration.

6. In January 2023, Defendants made a good faith offer to settle Ms. Kharchenko's claims.

7. Pursuant to the Scheduling Order dated September 13, 2022 (ECF10), fact discovery concluded on February 15, 2023 and F&C served expert reports on that date.

8. A settlement conference is scheduled on March 6, 2023 at 10:00 am before U.S. Magistrate Judge Wells. (ECF 18.)

9. On February 20, 2023, Ms. Kharchenko discharged F&C and requested that F&C transfer her file to Michael J. O'Neill, Esquire who was employed at F&C until February 1, 2023.

10. Before Ms. Kharchenko discharged F&C, F&C secured a good faith offer of settlement and well positioned her case for the settlement conference on March 6, 2023.

11. In addition to attorney and paralegal time, F&C advanced substantial costs in preparing and developing Ms. Kharchenko's case.[2]

12. The Contingent Fee Agreement between Ms. Kharchenko and F&C establishes F&C's entitlement to reimbursement of costs advanced on behalf of Ms.

---

[2] F&C will provide cost information for *in camera* review if it would facilitate the Court's consideration.

Kharchenko and payment of a fee equal to 40% of the last good faith settlement offer.

13. If advanced costs are left unpaid after new counsel enters an appearance, F&C's participation and risk in the case will be unilaterally extended by Ms. Kharchenko, thereby warranting F&C's entitlement to 40% of any increased settlement offer and ultimate resolution.

14. F&C would be adversely affected by any distribution of proceeds from a settlement or judgment in Ms. Kharchenko's favor without satisfaction of amounts owed to F&C.

15. Accordingly, F&C hereby moves to intervene in this action for the limited purpose of asserting a charging lien against any settlement or judgment in favor of Ms. Kharchenko.

16. As detailed in the supporting memorandum filed contemporaneously herewith, which is incorporated herein by reference, F&C has satisfied the factors for asserting a charging lien in *Recht v. Urban Redevelopment Auth.*, 168 A.2d 134, 138-39 (Pa. 1961), and has satisfied the standard for intervention under Rule 24(a)(2) and (b)(1)(B) of the Federal Rules of Civil Procedure.

17. Pursuant to Rule 24(c), attached hereto as Exhibit "A" is the Motion for Approval of Charging Lien which F&C would file if allowed to intervene.

18. Accordingly, F&C should be allowed to intervene to assert its charging lien against any recovery in favor of Ms. Kharchenko.

WHEREFORE, F&C respectfully requests that the Court enter an Order as follows:

(a) Granting F&C leave to intervene for the purpose of asserting a charging lien against the proceeds of a recovery in favor of Ms. Kharchenko;

(b) Imposing a charging lien in favor of F&C in an amount equal to 40% of the last good faith offer of settlement and the total costs advanced on behalf of Ms. Kharchenko;

(c) Directing that any proceeds arising from resolution of this matter shall be segregated and held in escrow until this Court adjudicates F&C's claimed right to a legal fee and reimbursement of costs; and

(d) Such other and further relief as the Court deems just and equitable.

Respectfully submitted:

/s/ Donna A. Walsh
Daniel T. Brier (PA 53248)
dbrier@mbklaw.com
Donna A. Walsh (PA 74833)
dwalsh@mbklaw.com

Attorneys for Proposed Intervenor,
Fellerman & Ciarimboli Law, PC

Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Date:  March 2, 2023

## CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Motion for Leave To Intervene For Limited Purpose of Asserting Charging Lien was served upon the following counsel of record via the Court's ECF system on this 2nd day of March, 2023:

>Michael J. O'Neill, Esquire
>1002 Garrett Mill Road
>Newton Square, PA  19073
>
>Colleen B. Maslowski, Esquire
>Daniel M. Brown, Esquire
>Leticia J. Santiago, Esquire
>The Law Offices of William J. Ferren & Associates
>P.O. Box 2903
>Hartford CT  06104

>>/s/ Donna A. Walsh
>>Donna A. Walsh