IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANGELINA KHARCHENKO,**<br>Plaintiff, | :<br>:<br>: | **CIVIL ACTION** |
| v. | :<br>: | **No.: 22-cv-1421** |
| **WT RAND TRANSPORT, LLC,**<br>Defendant. | :<br>:<br>: | |

**O R D E R**

  **AND NOW**, this   25th   day of September, 2023, upon consideration of Fellerman & Ciarimboli Law, P.C.s (F & C) unopposed Motion for Leave to Intervene for Limited Purpose of Asserting Charging Lien Against Proceeds of Settlement or Judgment in Favor of Plaintiff (ECF No. 28), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.[1]

              BY THE COURT:

              /s/ Lynne A. Sitarski
              LYNNE A. SITARSKI
              United States Magistrate Judge

---

[1] Pursuant to Federal Rule of Civil Procedure 24(a), a motion to intervene must be granted as of right if the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Here, F & C explains that pursuant to a Contingent Fee Agreement with Plaintiff, its former client, it is entitled to a percentage of the last good faith settlement offer made by Defendants, as well as costs and expenses advanced on her behalf in the litigation, and that such an offer has been made. (Mot. to Intervene, ECF No. 28, at ¶¶ 3-5). Moreover, because F & C no longer represents Plaintiff, who has new counsel, its interests are no longer represented in the matter, and any payment of funds to Plaintiff without consideration of F & C's interests could negatively impact its ability to recover funds owed to it. Accordingly, the Court grants F & C's motion and permits it to intervene for the limited purpose of asserting a charging lien at the appropriate time.